IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL O'DONNELL,<br><br>　　Plaintiff,<br><br>v.<br><br>AKAL SECURITY, INC.,<br>THE UNITED STATES MARSHALS<br>SERVICE, by and through Jeff<br>Sessions, U.S. Attorney General,<br><br>　　Defendants. | Civil Action No.<br>1:17-cv-03656-WMR-CCB |

## DEFENDANT UNITED STATES MARSHALS SERVICE'S
## INITIAL DISCLOSURES

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

　　The United States Marshals Service is properly identified.

**(2) Provide the names of any persons whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

　　None.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

In August 2016, Marquice Robinson and Michael O'Donnell were employed by AKAL Security, Inc. ("AKAL") as Court Security Officers ("CSO") in the Richard B. Russell federal building. The U.S. Marshals Service ("USMS") contracted with AKAL to provide security services to the building. Michael Holman was also employed by AKAL and served as a supervisor to Robinson and O'Donnell. Robinson and O'Donnell alleged that during their employment, they were subjected to discrimination and harassment because of their relationship, which they allege was perceived by coworkers to be of a homosexual nature. Both Robinson and O'Donnell allege they complained to AKAL management about the alleged harassment. However, neither Robinson nor O'Donnell complained to USMS regarding any alleged discrimination or harassment, nor was the USMS named in Robinson or O'Donnell's EEOC charges prior to their termination.

On or about August 19, 2016, Robinson was called to a meeting with Holman and the District Supervisor Thomas Shell to discuss Robinson's tardiness. Robinson had previously been confronted by Holman on more than one occasion regarding his failure to report to his duty station on time. During the August 19 meeting, an argument took place and several other CSOs, including O'Donnell,

became involved. Robinson alleges that, during the argument, Holman became physical and struck him in the face. Holman and other witnesses deny that allegation. After the altercation, Robinson and O'Donnell clocked out before the end of their scheduled shifts. AKAL reported to USMS Robinson's prior tardiness, the altercation, and his and O'Donnell's early departure after the altercation.

On August 23, 2016, USMS requested that AKAL conduct an investigation of the conduct it reported regarding CSOs Robinson and O'Donnell. AKAL conducted an investigation and provided a report to USMS on or about October 1, 2016. After review of the investigation, USMS determined that the reported conduct created an unacceptable risk to the safety and security of the building. USMS instructed AKAL to remove Robinson and O'Donnell from performing under its contract with USMS. AKAL terminated Robinson and O'Donnell's employment. Because of Robinson and O'Donnell's conduct, the USMS had legitimate, non-discriminatory reasons to request that they be removed from the security contract, and the request was not made in retaliation for any alleged protected activity.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

USMS contends that the following statutes, codes, regulations, legal principles, standards, and illustrative case law are applicable to this action:

- Title VII of the Civil Rights Act of 1964
- *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

*See* Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

USMS has not identified any expert witnesses at this time. In the event USMS retains an expert, USMS will supplement this response at that time.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

*See* Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

    USMS is not claiming any damages at this time.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

    To the extent Plaintiff suffered discrimination or retaliation in employment, his employer, Akal Security, Inc., is the proper defendant.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)**

    None.

    Respectfully submitted,

    BYUNG J. PAK
*United States Attorney*
*600 U.S. Courthouse*
*75 Ted Turner Drive SW*
*Atlanta, GA 30303*
*(404) 581-6000   fax (404) 581-6181*

/s/ TIFFANY R. JOHNSON
*Assistant United States Attorney*
Georgia Bar No. 638051
tiffany.johnson2@usdoj.gov

## ATTACHMENT A

The following individuals likely have discoverable information that Defendant may use to support its defenses in this action:

| Name of Person | Subject of information |
|---|---|
| Marquice Robinson | Likely has information regarding his claims of sex discrimination and harassment, the alleged tardiness, his interaction with Michael Holman and the alleged altercation, his communications, if any, with USMS regarding any alleged sex discrimination or harassment, and the basis for his termination from AKAL |
| Plaintiff Michael O'Donnell | Likely has information regarding his claims of sex discrimination and harassment, his involvement in the altercation with Holman, his communications, if any, with USMS regarding any alleged sex discrimination or harassment, and the basis for his termination from AKAL |
| James Tassone<br><br>*May be contacted through counsel for AKAL* | Likely has information regarding AKAL's investigation of Plaintiff's performance standards violations and his communications with USMS regarding the same |

| Name of Person | Subject of information |
|---|---|
| Janet Gunn<br>AKAL VP of Human Resources<br><br>&<br><br>Carol Frost<br>AKAL Human Resources Director<br><br>*May be contacted through counsel for AKAL* | Likely has information regarding Plaintiff's violations of performance standards and AKAL's communications to USMS regarding the same |
| Thomas Shell<br><br>*May be contacted through counsel for AKAL* | Likely has information regarding Plaintiff's performance standard violations and the circumstances surrounding Robinson's altercation with Holman |
| Theresa McLauren<br><br>*May be contacted through counsel for AKAL* | Likely has information regarding Plaintiff's performance standard violations and the circumstances surrounding Robinson's altercation with Holman |
| Michael Holman<br><br>*May be contacted through counsel for AKAL* | Likely has information regarding the circumstances surrounding his altercation with Robinson |
| CSO Charles Chase;<br>CSO Henry West;<br>CSO Shawn Whitman;<br>CSO Lorenzo Dickey<br><br>*May be contacted through counsel for AKAL* | Likely has information regarding Robinson's altercation with Holman |
| Angelica Spriggs<br>Contracting Officer, USMS<br><br>*May be contacted through counsel for USMS* | Likely has information regarding USMS's letter correspondence with AKAL regarding Plaintiff's performance standard violations |

| Name of Person | Subject of information |
|---|---|
| Freddie Everett<br>Contract Specialist, USMS<br><br>*May be contacted through counsel for USMS* | Likely has information regarding USMS's letter correspondence with AKAL regarding Plaintiff's performance standard violations |
| John Devenney<br>Judicial Security Inspector, USMS<br><br>*May be contacted through counsel for USMS* | Likely has information regarding USMS's decision to request removal of Plaintiff from performance under the AKAL contract |
| Phillip Cornelious<br>Assistant Chief Inspector, USMS<br><br>*May be contacted through counsel for USMS* | Likely has information regarding USMS's decision to request removal of Plaintiff from performance under the AKAL contract |

## ATTACHMENT C

The following documents may be used to support USMS' defenses in this action:

- AKAL's communications to USMS regarding Plaintiff's performance standard violations
- AKAL's investigation and supporting documents
- Plaintiff's EEOC charges against AKAL
- USMS administrative record of Plaintiff's Complaint of Discrimination

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

                                                                          <u>/s/ TIFFANY R. JOHNSON</u>
                                                                          *Assistant United States Attorney*

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system and via U.S. Mail to Plaintiff, addressed as follows:

        Michael O'Donnell
        2144 Soft Pine Lane
        Acworth, Georgia 30102

        Kurt Peterson
        Littler Mendelson P.C.
        3344 Peachtree Rd., N.E, Suite 1500
        Atlanta, Georgia 30326

*December 27, 2018*

                /s/ Tiffany R. Johnson
        Tiffany R. Johnson
        *Assistant United States Attorney*